UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **RAMON ZELAYA,**<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>**ALFARO ORTIZ, et al.,**<br><br>　　　　　　Defendants. | **Civil Action No. 2:20-cv-02793-ES-CLW**<br><br>**OPINION AND ORDER** |

　　　This matter comes before the Court on pro se Plaintiff's motion for the appointment of pro bono counsel, which has been referred by the Honorable Esther Salas. D.E. 20. For the reasons set forth below, Plaintiff's application is DENIED.

　　　Plaintiff, a federal inmate, filed this action in March 2020. D.E. 1. He alleges that the defendants, who are prison officials, retaliatorily refused to accommodate his medical needs. See generally D.E. 5. After Judge Salas granted Plaintiff's application to proceed in forma pauperis, Plaintiff filed an amended complaint. D.E. 3, 5. Plaintiff subsequently was granted leave to file a second amended complaint; however, despite several extensions, he has not done so. D.E. 9, 16. Accordingly, the amended complaint serves as the operative pleading. D.E. 19, 22. After Plaintiff's first motion for pro bono counsel was denied without prejudice, Plaintiff timely filed the instant motion. D.E. 18, 19, 20.

　　　It is settled that there is no constitutional right to counsel in a civil action. Montgomery v. Pinchak, 294 F.3d 492, 498 (3d Cir. 2002) (citing Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997)). However, the Court may request—though not require—an attorney to represent a civil litigant. Id. (citing 28 U.S.C. § 1915(e)(1)); see also Christy v. Robinson, 216 F. Supp. 2d 398, 406 n.16 (D.N.J. 2002) (citing Mallard v. United States Dist. Court for S. Dist. of Iowa, 490 U.S. 296, 301-02 (1989)). Although the Court has broad discretion to determine whether the

appointment of counsel in a civil matter is appropriate, the Court "should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." Montgomery, 294 F.3d at 499 (citing Parham, 126 F.3d at 458).

To determine whether to appoint counsel for an indigent litigant in a civil case, the Court first must make a threshold assessment of the merit of the case to determine whether there is "some arguable merit in fact and law." Id. at 498-99; Parham, 126 F.3d at 457; Tabron v. Grace, 6 F.3d 147, 155-57 n.5 (3d Cir. 1993). If some such merit is found, the Court should then consider: (1) the plaintiff's ability to present his own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; and (6) whether the plaintiff can attain and afford counsel on his own behalf. Tabron, 6 F.3d at 156-57.

Concerning the threshold issue, the Court finds Plaintiff has presented "some arguable merit in fact and law." Montgomery, supra. The Third Circuit recognizes First Amendment Bivens retaliation actions against prison officials, which is the thrust of Plaintiff's suit. See, e.g., Mack v. Yost, 968 F.3d 311, 315-16 (3d Cir. 2020) (discussing Mack v. Warden Loretto FCI, 839 F.3d 286 (3d Cir. 2016)).

As to the first Tabron factor, the Court notes that Plaintiff's seventy-page amended complaint is somewhat scattered and not always entirely clear. To this end, Plaintiff states that it will be "very difficult" to prosecute his case without counsel, and that his claim will require "a lot more legal knowledge" than he possesses. See D.E. 20-1 at 4.[1] This is, however, not enough. Notwithstanding the above, Plaintiff has not presented any specific evidence indicating that he is

---

[1] Plaintiff also indicates that his primary language is Spanish. D.E. 20-1 at 2.

2

incompetent, illiterate, or insufficiently educated to state his claims. Moreover, Plaintiff's lack of legal training is common to pro se litigants and insufficient to warrant appointment of counsel. Krider v. Heron, 2007 WL 2300709, at *2 (D.N.J. Aug. 3, 2007).

The remainder of the factors do not compel a different conclusion. The relevant area of the law (retaliation against prison officials) is not uniquely complex, nor does Plaintiff suggest (or the Court find) impediments to discovery that would foreclose investigation into Plaintiff's allegations. Plaintiff's application does not reference credibility determinations, and at this early stage of proceedings the Court cannot draw any inferences about the nature of the factual disputes that may arise. Plaintiff likewise does not state that his case will require expert testimony, nor does the Court discern any such need from the record. Finally, while the fact that Plaintiff qualified for IFP status indicates that Plaintiff cannot afford representation, this factor alone does not justify appointment of pro bono counsel. See, e.g., Christy, 216 F. Supp. 2d at 410-11 (denying application where indigency was the "only one of the six factors . . . weigh[ing] in favor of appointment of counsel").

For the reasons stated, Plaintiff's application for appointment of pro bono counsel [D.E. 20] is **DENIED**. The Clerk of the Court is directed to mail a copy of this Order to Plaintiff via certified mail, return receipt requested.

April 9, 2021

*/s/ Cathy L. Waldor*
Cathy L. Waldor, U.S.M.J.
